IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

SAN ANGELO DIVISION

| | | |
|---|---|---|
| BRYSON McCLINTON, PRO SE,<br>County ID No. 6339 | § § § | |
| Plaintiff, | § § | |
| v. | § § | 6:09-CV-0006 |
| SHANNON MEDICAL CENTER and<br>SHANNON MEDICAL CENTER, Emergency<br>   Department, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case was originally filed in the United States District Court for the Northern District of Texas, San Angelo Division, and was assigned to the United States District Court for the Northern District of Texas, Amarillo Division, upon recusal by U.S. District Judge Cummings.

Plaintiff BRYSON McCLINTON, acting pro se and while a prisoner confined in the Tom Green County Jail, San Angelo, Texas, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff claims the SHANNON MEDICAL CENTER "[n]eglected to give [him] a professional medical assessment" and the Emergency Department "[f]ailed to give [him] proper medical/professional patient care." Plaintiff alleges he was involved in an automobile accident

on September 13, 2007 and was taken by ambulance to the Shannon Emergency Room where, despite his complaints, he had to wait three hours, only to receive a routine examination, a chest x-ray, cleansing and stapling of his head wound, and a prescription for Motrin. He says he was then sent home without a ride. On September 16, 2007, after three days of pain and vomiting, he returned to the E.R. and it was discovered he had suffered a ruptured spleen, requiring a spleenectomy, and a bruised brain. Plaintiff states the E.R. should not have released him when he went in September 13, 2007, but should have admitted him to the hospital.

Plaintiff requests an award of $250,000.00 in punitive damages, compensation for all his medical bills flowing from this incident, and $100,000.00 for "everyday pain and suffering."

## JUDICIAL REVIEW

Title 42, United States Code, section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>
> **(A)** the allegation of poverty is untrue; or
>
> **(B)** the action or appeal--
>
> **(i)** is frivolous[1] or malicious;
>
> **(ii)** fails to state a claim on which relief may be granted; or
>
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

2

A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Two elements are necessary for recovery in this type of suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). Plaintiff's allegations contain no hint that he was in custody at the time of the accident or that the defendants were acting under color of law. He was, in fact, a private citizen who went to the hospital after an accident, received care he feels was unsatisfactory, and was sent home. Later, he returned and received possibly life-saving treatment. Plaintiff cannot satisfy the "color of law" prong of the *Adickes* test, *supra*.

Further, even if plaintiff could show either or both of the defendants were acting under color of law, at most, plaintiff has stated a claim of medical malpractice, if that; however, medical malpractice will not support a valid section 1983 claim. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-

---

[2]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

3

67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on stairs). Plaintiff's pro se complaint, even when liberally construed, states no claim of constitutionally repugnant deliberate indifference against either of the defendants.

Plaintiff has failed to state a claim of constitutional dimension against either defendant and, to the extent he relies on section 1983 to support a claim of medical malpractice, his claim lacks an arguable basis in law and is frivolous.

## CONCLUSION

Pursuant to Title 28, United States Code, section 1915(e)(2),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff BRYSON McCLINTON be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED THIS _20th_ DAY OF APRIL 2009.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE